JACOB M. HEATH (STATE BAR NO. 238959)
jheath@orrick.com
JONATHAN J. LIU (STATE BAR NO. 328955)
jonathanliu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:    +1 650 614 7400
Facsimile:     +1 650 614 7401

Attorneys for Defendant
Meta Platforms, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN LLOYD,<br><br>            Plaintiff,<br><br>     v.<br><br>FACEBOOK, INC. et al.,<br><br>            Defendants. | Case No. 3:21-cv-10075-EMC<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS**<br><br>Date:         July 21, 2022<br>Time:        1:30 PM<br>Courtroom: Courtroom 5 – 17th Floor<br>Judge:       Hon. Edward M. Chen |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** Defendants Meta Platforms, Inc. ("Meta") and Mark Zuckerberg ("Defendants") request that this Court take judicial notice, pursuant to Federal Rule of Evidence 201, of Meta's Terms of Service and Data Policy. Defendants makes this request in support of the Motion to Dismiss Plaintiff's First Amended Complaint. A true and correct copy of the documents for which judicial notice is requested are attached to the Declaration of Jacob M. Heath, filed concurrently herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants respectfully requests that this Court take judicial notice of Meta's Terms of Service as of May 31, 2022. Additionally, Defendants requests this Court take judicial notice of Meta's Data Policy as of May 31, 2022. True and correct copies of these documents are attached to the Declaration of Jacob M. Heath.

### II. ARGUMENT

On a motion to dismiss, a court "must consider the complaint in its entirety, as well as…documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 14 U.S. 308, 322 (2007). Courts may take judicial notice of facts that are "not subject to reasonable dispute because [they]…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Such material includes documents incorporated into the complaint by reference. *Swartz v. KMPG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *In re Google Inc.*, 2013 WL 5423918, at *5 (N.D. Cal. Sept. 26, 2013). Under the doctrine of incorporation by reference, the Court may consider on a 12(b)(6) motion not only documents attached to the complaint, but also documents whose contents are alleged in the complaint, provided the complaint "necessarily relies" on the documents or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); In

1
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
Case No. 3:21-cv-10075-EMC

re Google Inc., 2013 WL 5423918, at *5.

Courts routinely take judicial notice of publicly available terms of service, including from the Wayback Machine, in cases like this where the Plaintiff relies upon and references the terms in the complaint. *See, e.g., Brown v. Google* LLC, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980 (N.D. Cal. 2020) (taking judicial notice of Meta's privacy policy); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813–14 (N.D. Cal. 2020) (taking judicial notice of Google's Terms of Service, Privacy Policy, and a Google blog post); *Matera v. Google, Inc.*, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (taking judicial notice of Google's Terms of Service, "various versions of Google's Privacy Policy[,]" and a Google webpage entitled "Updates: Privacy Policy"). Publicly accessible websites are also "[p]roper subjects of judicial notice when ruling on a motion to dismiss." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 4 (N.D. Cal. 2014) (Koh, J.) (taking judicial notice of web pages).

Here, Plaintiff alleges a breach of contract claim premised on Meta's Terms of Service.[1] *See* FAC ¶ 38 ("Facebook Statement of Rights and Responsibilities, states that Facebook enables people to connect with each other, build communities and grow businesses. In order to use Facebook…you must not violate the Community Standards). Despite this, Plaintiff does not reference specific language contained in Meta's Terms of Service in her Complaint. Plaintiff indicates that the alleged conduct occurred up until she filed her FAC. *See* FAC ¶ 9 ("Defendants have allowed this to occur for 5 plus years now on a continued repeated basis.). It is therefore appropriate for the Court take judicial notice of the Terms of Service effective when she filed her FAC in May 2022, in order to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based[.]" *Swartz*, 476 F.3d at 763 (internal quotation marks omitted). Moreover, although Plaintiff does not reference the Data

---

[1] Meta's Terms of Service were formerly known as Facebook's Statement of Rights and Responsibilities.

1  Policy directly, the Terms of Use incorporate the Data Policy and it is relevant to Plaintiff's
2  claims on Meta's alleged tracking. Ex. A ("To provide these services, we must collect and use
3  your personal data.  We detail our practices in the Data Policy, which you must agree to in order
4  to use our Products"); *see also In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 402 F.
5  Supp. 3d 767, 791 (N.D. Cal. 2019) (finding that Facebook's Terms of Service "incorporate the
6  Data Use Policy into the contractual agreement between Facebook and its users.").

7  Additionally, Meta's Data Policy is the proper subject of judicial notice as a publicly
8  available website.  Meta's current version of its Data Policy is publicly available at
9  https://www.facebook.com/privacy/explanation ("Date of Last Revision: January 4, 2022").  The
10 content of this publicly available web pages is "not subject to reasonable dispute" and
11 "can be accurately and readily determined from sources whose accuracy cannot reasonably be
12 questioned." Fed. R. Evid. Rule 201(b) & (b)(2).  Therefore, this document is subject to judicial
13 notice, as it appears on a publicly accessible website and its authenticity cannot reasonably be
14 questioned. *See In re Yahoo Mail Litig.*, 2014 WL 3962824, at *1025 (N.D. Cal. Aug. 12, 2014)
15 (Koh, J.) (taking judicial notice, sua sponte, of various publicly accessible websites); *In re Google*
16 *Assistant Privacy Litig.*, 457 F. Supp. 3d 797 (taking judicial notice of Google's privacy policy).

18 Dated:  June 14, 2022                                  ORRICK, HERRINGTON & SUTCLIFFE
                                                         LLP

                                                  By:    */s/ Jacob M. Heath*
                                                         JACOB M. HEATH

                                                         Attorney for Defendant
                                                         META PLATFORMS, INC.