JACOB M. HEATH (STATE BAR NO. 238959)
jheath@orrick.com
JONATHAN J. LIU (STATE BAR NO. 328955)
jonathanliu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:	+1 650 614 7400
Facsimile:	+1 650 614 7401

Attorneys for Defendant
Meta Platforms, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN LLOYD,<br><br>            Plaintiff,<br><br>     v.<br><br>FACEBOOK, INC. et al.,<br><br>            Defendants. | Case No. 3:21-cv-10075-EMC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO HOLD RULE 26(F) CONFERENCE**<br><br>Date:<br>Time:<br>Courtroom:  Courtroom 5 – 17th Floor<br>Judge:           Hon. Edward M. Chen |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................2

II. FACTS ................................................................................................................................2

III. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO COMPEL ........................3

IV. CONCLUSION ...................................................................................................................6

## I. INTRODUCTION

Plaintiff Susan Lloyd's motion to compel Defendants Meta Platforms, Inc., and Mark Zuckerberg (together, "Defendants") to hold a Rule 26(f) conference and for an extension of time to file a second amended complaint until the Rule 26(f) conference is held ("Motion"), should be denied because such a conference would be premature and futile under the Court's General Order 56 and the Federal Rules. Plaintiff's purpose in undertaking discovery in this matter is evidently to fix the glaring defects in her First Amended Complaint ("FAC") by using discovery to file a second amended complaint. She admits as much in her motion. *See* Plaintiff's Motion at 2. However, pursuant to General Order 56, discovery in this case is stayed because Plaintiff has asserted a claim under the Americans with Disabilities Act ("ADA"). Thus, while Plaintiff asserts that Defendants' failure to hold a Rule 26(f) conference "has put a stay on this litigation" and "has prevented Lloyd from obtaining discovery," on the contrary, it is the Court that has stayed *all discovery* in this matter. Additionally, Defendants have filed a pending Motion to Dismiss Plaintiff's FAC challenging the sufficiency of Plaintiff's claims—thus, the Court has yet to even determine whether Plaintiff has alleged a viable claim for relief. Defendants are willing to conduct discovery and hold a Rule 26(f) conference once discovery is permitted and if the Court deems that Plaintiff has alleged any viable claims. Any discovery before then would premature, unproductive, and contradictory to General Order 56. For these reasons, Plaintiff's Motion must be denied.

## II. FACTS

Plaintiff filed her original complaint ("Complaint") against Defendants on December 29, 2021, asserting violations of the ADA, the Rehab Act, and the Unruh Act, among other claims. Dkt. No. 1. On May 25, 2022, Defendants moved to dismiss the Complaint, arguing that Plaintiff failed to state a claim for every one of her causes of action, and that Section 230 independently barred many of her claims. Dkt. No. 13. Shortly thereafter, on May 28, 2022, Plaintiff served discovery requests on Meta and sought to have a Rule 26(f) conference. Heath Declaration ISO Opposition to Plaintiff's Motion to Compel ("Heath Decl."), ¶ 1, Ex. A. Defendants' counsel informed Ms. Lloyd that her discovery requests were untimely because the parties had not yet had

a Rule 26(f) conference, and that such a conference would be premature at this juncture. Health Decl., ¶ 2, Ex. B.

On May 31, 2022, in an attempt to correct the deficiencies in her original Complaint, Plaintiff filed her FAC against Defendants, asserting the same causes of action as her Complaint. *See generally* FAC, Dkt. 16 (bringing claims for violations of the ADA, Rehab Act, Unruh Act, as well as for fraud, invasion of privacy, breach of contract, negligence and NIED). Defendants moved to dismiss Plaintiff's FAC on June 14, 2022 ("Motion to Dismiss Plaintiff's FAC"). Dkt. 18. Plaintiff failed to oppose Defendants' Motion to Dismiss Plaintiff's FAC, which was due on June 28, 2022. *See* Defendants' Reply ISO Motion to Dismiss Plaintiff's FAC, Dkt. 24. Instead, on June 23, 2022, Plaintiff Susan Lloyd filed the present Motion. Plaintiff has also filed a Motion to Strike Defendants' Motion to Dismiss or, in the Alternative, to Convert to Motion for Summary Judgment, which Defendants plan to oppose. Dkt. 23. Counsel for Defendants have since requested to confer with Ms. Lloyd, informing her that General Order 56 stayed all discovery, and suggesting that she withdraw her Motion. Heath Decl., ¶ 3, Ex. C. Plaintiff did not respond. Plaintiff did not otherwise attempt to confer with Defendants prior to filing the present Motion.

### III. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO COMPEL

The Court should deny Plaintiff's Motion because any Rule 26(f) conference (and any other discovery) would be premature and futile under both the Federal Rules and General Order 56.

First, holding a Rule 26(f) conference would be improper at this time because General Order 56 stayed all "discovery, motion practice (except for motions under Rule 12(b) and motions to appear pro hac vice)." General Order 56 applies to any action which assert a denial of right of access by Titles II or III of the ADA. Courts have previously held that General Order 56 applies to stay Rule 26(f) conferences. *See, e.g.*, *Yates v. Midway, LLC*, No. C11-01273, 2011 U.S. Dist. LEXIS 82626 (N.D. Cal. 2011) (denying motion for relief from "General Order 56 and to proceed with a Rule 26(f) scheduling conference" because "General Order 56 automatically stays suits for ADA violations and institutes an alternative process for resolving ADA cases efficiently").

Moreover, it would be futile to hold a Rule 26(f) conference while discovery is stayed—one of the primary consequences of a Rule 26(f) conference is that discovery can subsequently commence.  FRCP 26(d)(1)).  But here, discovery cannot and will not commence until the Court holds a case management conference and issues a scheduling order, *only after* the parties engage in the process laid out in General Order 56.  Contrary to Plaintiff's claim that Defendants are refusing to participate in discovery to prejudice Ms. Lloyd and delay prosecution of this case, Defendants are merely cognizant of the fact that Plaintiff has brought an ADA claim, and thus all discovery is stayed in this matter.  Plaintiff's Motion at 3.

*Second*, setting aside General Order 56, under the Federal Rules, the parties are not obligated to hold a Rule 26(f) conference until "21 days before a scheduling conference is to be held or a scheduling order is due."  FRCP Rule 26(f)(1).  The Court has not held or scheduled a case management conference; thus, the parties are not yet obligated to hold such a conference under the Federal Rules.  FRCP Rule 26(f); *see also Johnson v. United Cont'l Holdings, Inc.*, No. C-12-2730 MMC, 2014 WL 12823346, at *1 (N.D. Cal. June 16, 2014) (denying motion to compel Rule 26(f) conference where the plaintiffs "fail[ed] to show why the [ ] conference should be conducted on an earlier date" than 21 days before the scheduling conference).

*Third*, more broadly speaking, where the FAC is challenged by motion practice, "delaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources."  *In re Morning Song Bird Food Litig.*, No. 12CV1592-JAH(RBB), 2013 WL 12143947, at *3 (S.D. Cal. Jan. 25, 2013) (denying motion to compel Rule 26(f) conference in view of pending motion to dismiss).  Courts frequently deny requests to hold Rule 26(f) conferences where there has been no scheduling conference and where the court has not ruled on the defendant's motion to dismiss.  *See Zavala v. Kruse-Western, Inc.*, 2019 WL 3219254, at *2 (E.D. Cal. July 17, 2019) (denying motion to compel a Rule 26(f) conference where Plaintiff did not show good cause to hold the conference prior "to the Court's ruling on Defendants' motion to dismiss); *Contentguard Holdings, Inc. v. ZTE Corp.*, No. 12cv1226–CAB (MDD), 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013) (denying motion to compel Rule 26(f) conference where motion to dismiss was pending because

it "would be inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses and counterclaims that may not be asserted").

*Lastly*, Plaintiff has not attempted to confer in good faith prior to filing the present discovery motion, as is required by both FRCP 37(2)(B) and Local Rule 37-1.  FRCP 37(2)(B) ("The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action."); Civil L.R. 37-1(a) ("The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless…counsel have previously conferred for the purpose of attempting to resolve all disputed issues"); *see, e.g.*, *Ellsworth v. Schneider Nat'l Carriers, Inc.*, 2021 WL 4620913, at *2 (C.D. Cal. 2021) (denying plaintiff's motion to compel for failing to comply with the requirements of Rule 37-1).  Plaintiff's motion to compel should thus be denied for the additional reason that she has failed to comply with the Court's meet and confer requirement prior to filing this discovery Motion.  *See Panah v. Dept. of Corrections and Rehabilitation*, 2021 WL 1313086, at *5 (N.D. Cal. April 7, 2021) (denying Plaintiff's motion to compel as the parties did not meet and confer regarding discovery disputes).

Defendants are not opposed to holding a Rule 26(f) conference and engaging in discovery when the Court deems it appropriate.  Defendants *are* opposed to undertaking any discovery while discovery is stayed, and until the Court deems that Plaintiff has alleged a viable claim for which relief can be granted.[1]

---

[1] Plaintiff also requests that the Court grant her an extension of time to file a second amended complaint until the Rule 26(f) conference is held and discovery has been responded to.  Plaintiff has already amended her complaint once, which is all that she is entitled to do as a matter of course.  FRCP Rule 15(a)(1).  If Plaintiff wishes to amend her complaint again, she can only do so with Defendants' consent or with the Court's leave.  As Defendants asserted in their Motion to Dismiss Plaintiff's FAC, Dkt. 16, leave to amend would be inappropriate here.  Plaintiff has already amended her complaint at least once with knowledge of the deficiencies Defendants identified in the original complaint—and Plaintiff has failed to cure them.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (Leave to amend is inappropriate if "the pleading could not possibly be cured by the allegations of other facts.").

IV. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to compel.

Dated: July 7, 2022

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Jacob M. Heath*
JACOB M. HEATH

Attorney for Defendant
META PLATFORMS, INC.