1  JACOB M. HEATH (STATE BAR NO. 238959)
   jheath@orrick.com
2  JONATHAN J. LIU (STATE BAR NO. 328955)
   jonathanliu@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA  94025-1015
   Telephone:   +1 650 614 7400
5  Facsimile:    +1 650 614 7401

6  Attorneys for Defendant
   Meta Platforms, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN LLOYD,<br><br>          Plaintiff,<br><br>     v.<br><br>FACEBOOK, INC. et al.,<br><br>          Defendants. | Case No. 3:21-cv-10075-EMC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**<br><br>Date:<br>Time:<br>Courtroom:   Courtroom 5 – 17th Floor<br>Judge:            Hon. Edward M. Chen |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...............................................................................................................2

II. FACTS ................................................................................................................................2

III. ARGUMENT ......................................................................................................................3

    A. The Court Should Deny Plaintiff's Motion Because Defendants Relied On Documents That Are Subject To Judicial Notice .....................................................3

    B. The Court Should Grant Defendants' Motion To Dismiss And Request for Judicial Notice ..........................................................................................................5

IV. CONCLUSION...................................................................................................................6

## I.  INTRODUCTION

Rather than opposing Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"), which highlights the glaring deficiencies in Plaintiff Susan Lloyd's FAC, Plaintiff filed the present motion, asking the court to strike Defendants' Motion to Dismiss Plaintiff's FAC, or alternatively, to convert it into a motion for summary judgment ("Motion").[1] Plaintiff's Motion is improper and should be denied.

Plaintiff incorrectly claims that the Court must convert Defendants' Motion into a motion for summary judgment because Defendants relied on purportedly "extrinsic evidence." But Plaintiff ignores a key fact—Defendants are permitted to rely on Meta's Terms of Service and Data Policy if the Court deems these documents subject to judicial notice. *See* Defendants' Request for Judicial Notice ("RJN"). If Plaintiff wanted to oppose Defendants' RJN, she could have done so. However, that time has now passed. What is more, Plaintiff has failed to address *any* of Defendants' substantive arguments for dismissal by failing to oppose Defendants' Motion to Dismiss. Plaintiff has had multiple opportunities to address Defendants' argument that she failed to state a claim for which relief can be granted. For these reasons, Defendants respectfully request that the Court deny Plaintiff's Motion.

## II.  FACTS

Plaintiff filed her original complaint ("Complaint") against Defendants on December 29, 2021. Dkt. No. 1. Plaintiff's Complaint was premised on three unrelated theories: (1) Meta's Facebook platform purportedly has various accommodation barriers; (2) allegedly as early as 2016, *third-party users* (not the Defendants) have harassed and bullied Plaintiff on the Facebook platform, and (3) Defendants allegedly track Plaintiff's internet activity on other websites.[2] On May 25, 2022, Defendants moved to dismiss the Complaint, arguing that Plaintiff failed to state a claim for every one of her causes of action, and that Section 230 of the Communications Decency

---

[1] Plaintiff titles her motion as follows: "Motion to Strike Defendants' Motion to Dismiss or in the Alternative to Convert to Motion for Summary Judgment and Motion to Decide After Discovery Has Taken Place and Motion to Give Lloyd Extension of Time to File a Second Amended Complaint and/or Respond to Defendants Motion."

[2] On May 5, 2022, the parties stipulated and agreed to a 30-day extension for Defendants to respond to Plaintiff's Complaint, which made the new deadline for Defendants' response May 25, 2022.

Act ("CDA") independently barred her claims for fraud, common law invasion of privacy, breach of contract, negligence, and negligent infliction of emotional distress.  Dkt. No. 13.  Plaintiff did not respond to Defendants' original Motion to Dismiss Plaintiff's Complaint.  Shortly thereafter, although a Rule 26(f) conference has not yet taken place, Plaintiff served premature discovery requests on Defendants.

On May 31, 2022, in an attempt to correct the deficiencies in her original Complaint, Plaintiff filed her FAC against Defendants, asserting the same causes of action as her Complaint.  *See* FAC, Dkt. 16 (bringing claims for violations of the Americans with Disabilities Act, Rehabilitation Act, Unruh Act, as well as for fraud, invasion of privacy, breach of contract, negligence and NIED).  Defendants moved to dismiss Plaintiff's FAC on June 14, 2022 ("Motion to Dismiss Plaintiff's FAC").  Dkt. 18.  Defendants also requested that the Court take judicial notice of Meta's Terms of Service and Data Policy.  Dkt. 19.  Plaintiff failed to oppose Defendants' Motion to Dismiss Plaintiff's FAC and Defendants' Request for Judicial Notice, which were due on June 28, 2022 pursuant to Local Rule 7-3.  *See* Defendants' Reply ISO Motion to Dismiss Plaintiff's FAC, Dkt. 24.  Instead, Plaintiff filed the present Motion, asking the Court to either strike Defendants' Motion to Dismiss Plaintiff's FAC or convert Defendants' Motion into a motion for summary judgment.  Dkt. 23.

## III. ARGUMENT

The Court should deny Plaintiff's Motion to convert Defendants' Motion to Dismiss into a motion for summary judgment because Defendants' reliance on documents that are subject to judicial notice was appropriate.  Relatedly, the Court should ultimately grant Defendants' Motion to Dismiss Plaintiff's FAC because Plaintiff has failed to oppose it, which constitutes an abandonment of Plaintiff's claims.

### A. The Court Should Deny Plaintiff's Motion Because Defendants Relied On Documents That Are Subject To Judicial Notice

The Court should not convert Defendants' Motion to Dismiss Plaintiff's FAC into a motion for summary judgment because Defendants requested (and the Court should grant) that the Court take judicial notice of the materials at issue in her FAC—Meta's Terms of Service and Data Policy.  On a motion to dismiss, "a court may [] consider certain materials—documents

3

attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Letizia v. Facebook, Inc.*, 267 F. Supp. 3d 1235 (N.D. Cal. July 14, 2017) (taking judicial notice of Meta's Terms of Service).  Plaintiff merely asserts that "when extrinsic evidence is presented, a court shall convert the Motion to a Motion for Summary Judgment."  Motion at 1.  But Plaintiff ignores the fact that the documents at issue are proper subjects of judicial notice, *see* Defendants' Request for Judicial Notice ("RJN") ISO Defendants' Motion to Dismiss Plaintiff's FAC, and the Court can rely on them.  *See, e.g.*, *Kidstar v. Facebook, Inc*., 2021 WL 1110227, *2 (N.D. Cal. March 23, 2021) (granting motion to dismiss and noting that although a court generally may not consider material beyond the pleadings, documents subject to judicial notice can be considered without converting "a motion to dismiss to one for summary judgment").

      Both documents at issue are judicially noticeable.  Courts consistently take judicial notice of online terms of use and data policies, especially where, as here, Plaintiff relied on them to form the basis of her claims.  *See, e.g.*, FAC (alleging breach of contract claim premised on Meta's Terms of Service); *see also In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 402 F. Supp. 3d 767, n.12 (taking judicial notice of Facebook's Terms of Service and Data Policy because they were incorporated by reference into the complaint); *Letizia*, 267 F. Supp. 3d 1235 (taking judicial notice of Meta's Terms of Service); *In re Facebook, Inc. Securities Litig.*, 405 F. Supp. 3d 809, 829 (N.D. Cal. 2019) (taking judicial notice of Meta's Data Policy among other documents).[3]  Moreover, as explained further below, Plaintiff has not contested the existence or authenticity of these documents (nor could she).  Accordingly, the Court should consider Meta's Terms of Service and Data Policy and rule on Defendants' Motion to Dismiss.

---

[3] Although Meta's Terms of Service and Data Policy are judicially noticeable, even if the Court denies Defendants' Request for Judicial Notice (it should not), it does not need to convert Defendants' Motion to Dismiss into a motion for summary judgment.  *See Williams v. Facebook, Inc*., 384 F. Supp. 3d 1043 (N.D. Cal. 2018) (denying Facebook's request for the court to take judicial notice of an irrelevant article and granting defendant's motion to dismiss without considering the article, but not converting the motion to a motion for summary judgment); *Williams v. County of Alameda*, 26 F. Supp. 3d 925, 935 (N.D. Cal. 2014) (finding that although it would not take judicial notice of the evidence submitted by defendants, "given the relatively early stage" of litigation, the court exercised its discretion and declined to convert defendants' motion to dismiss into a motion for summary judgment).

### B. The Court Should Grant Defendants' Motion To Dismiss And Request for Judicial Notice

The Court should not only deny Plaintiff's Motion, but should also ultimately grant Defendants' RJN and Motion to Dismiss Plaintiff's FAC. As to Defendants' unopposed RJN, Plaintiff failed to address any of Defendants' arguments by filing an opposition. Courts often grant requests for judicial notice where the plaintiff does "not oppose the Court taking judicial notice," or does not dispute the authenticity of the document at issue. *Letizia*, 267 F. Supp. 3d at 1242 (granting request for judicial notice because plaintiffs did not "dispute[] the existence and authenticity of Facebook's contracts and because Plaintiffs [did] not oppose the Court taking judicial notice" of certain documents); *see, e.g.*, *Chu v. Fay Servicing, LLC*, 2016 WL 5846990, at *3 (N.D. Cal. Oct. 6, 2016) (granting request for judicial notice where plaintiff did not file an opposition and so plaintiff was not deemed to dispute the authenticity of any of the exhibits).

The same is true for Defendants' Motion to Dismiss Plaintiff's FAC. Plaintiff's failure to oppose Defendants' Motion to Dismiss "constitutes an abandonment of the claims for which dismissal is being sought." *King v. Contra Costa Cnty.*, 2020 WL 978632, at *2 (N.D. Cal. Feb. 28, 2020) (finding plaintiff's failure to oppose, standing alone, justified granting the motion to dismiss); *see, e.g.*, *Rope v. Facebook, Inc.*, 2017 WL 7510686, at *1 (C.D. Cal. Dec. 20, 2017) (granting motion to dismiss due to Plaintiff's failure to timely file an opposition); *Gladden v. Facebook*, 2021 WL 259256, at *1 (S.D. Ohio June 24, 2021) (granting defendants' motion to dismiss where plaintiff failed to oppose). Moreover, Plaintiff's failure to file an opposition to Defendants' Motion is in contravention of Local Rule 7-3 and is thus grounds for granting Defendants' Motion. *Mira v. Am. Home Mortg. Servicing, Inc.*, 2010 WL 4117390, at *1 (N.D. Cal. Oct. 18, 201) ("the Ninth Circuit has held that the failure to file an opposition to a motion to dismiss in contravention of the local rules or court order is grounds for granting the motion"); Local Rule 7-3 (oppositions due within 21 days of dispositive motion's filing); *Jones v. Ghaly*, 2022 WL 1128680, at *2 (N.D. Cal. April 15, 2022) (dismissing complaint based on failure to comply with LR 7-3 and oppose defendant's motion). By failing to oppose Defendants' Motion to Dismiss, Plaintiff did not address Defendants' argument that Plaintiff failed to state a viable claim for every cause of action in her FAC, and that many of her claims are barred by Section 230.

Accordingly, the Court should deny Plaintiff's present Motion and grant Defendants' unopposed Motion to Dismiss.[4]

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion.

Dated: July 12, 2022                                     ORRICK, HERRINGTON & SUTCLIFFE LLP

                                                By:   */s/ Jacob M. Heath*
                                                      JACOB M. HEATH

                                                      Attorney for Defendant
                                                      META PLATFORMS, INC.

---

[4] The Court should deny Plaintiff's additional request that the Court grant her an extension of time to file a second amended complaint and/or respond to Defendants' Motion until the Rule 26(f) conference is held and discovery has been responded to. Plaintiff has already amended her complaint once, which is all that she is entitled to do as a matter of course. FRCP Rule 15(a)(1). If Plaintiff wishes to amend her complaint again, she can only do so with Defendants' consent or with the Court's leave. As Defendants asserted in their Motion to Dismiss Plaintiff's FAC, Dkt. 16, leave to amend would be inappropriate here. Plaintiff has already amended her complaint at least once with knowledge of the deficiencies Defendants identified in the original complaint— and Plaintiff has failed to cure them. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (Leave to amend is inappropriate if "the pleading could not possibly be cured by the allegations of other facts.").