Susan Lloyd

929 E Main St #101

Mt Joy, PA 17552

213 321 9999

domino7575@yahoo.com

Plaintiff

FILED

JUL 15 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

US DISTRICT COURT

NORTHERN DISTRICT CALIFORNIA

SAN FRANCISCO DIVISION

Susan Lloyd

  Plaintiff                         3:21-cv-10075 -EMC

  V

Facebook, et al                     Judge Chen

  Defendants

MOTION FOR ADMINISTRATIVE RELIEF

Defendants refuse to participate in a Rule 26 Conference Or discovery in this case as they state under General Order 56, they are not ordered to do so. Defendants seem to forget that this case revolves around many more issues besides ADA. In fact, even if the ADA issues were resolved, there would still be fraud, misrepresentation, california constitutional violations, invasion of privacy, negligence and intentional infliction of emotional distress claims. Defendants refuse to participate in any required 26 conference and discovery in regards to those issues. In fact,

MOTION FOR ADMINISTRATIVE RELIEF

~~MOTION TO COMPEL AND MOTION FOR EXTENSION OF TIME~~

1

Defendants even filed a Motion acting as if Lloyd is attempting to get this Court to Compel Discovery when Lloyds motion actually is an attempt to get this court to compel the Defendants to hold a Rule 26 conference which they were required to hold months ago. Defendants even fail to perform their obligations under General Order 56 which state that initial disclosures required by FRCP 26(a)(1) shall be completed no later than 7 days prior to a joint site inspection. Initial disclosures must contain: each party shall disclose all information in that partys possession or control that may be used to support its claims or defenses regarding the accesibility of the premises, program, service, activity, website, software application or other technology. Defendant shall disclose all information in its possession regardieng construction or alteration history of the premises if they intend to dispute liability on that basis. This is just some examples that General Order 56 requires. It also states that upon request, a party shall provide any documents identified in the initial disclosures. To date, Defendants have not provided Lloyd any initial disclosure.

General Order 56 also states that parties must discuss settlement at the earliest possible time. Lloyd has been trying to settle this case since filing it and Defendants refuse to participate in discussions. LLoyd has even given the Defendants a settlement demand which they refuse to discuss.

Under General Order 56, if the case revolves around a non physical location, such as this case which revolves around a website, then within 60 days after service of the complaint, all parties must hold a settlement meeting. Defendants originally asked this court for 2 extensions which added on 45 more days to this case under the impression of "settlement talks". However, Lloyd contends that no such talks ever existed. The settlement meeting is not to be held over the phone, etc. It is to be held in person. Lloyd is asking that the settlement meeting be held over the phone as she is very sick with severe health issues and cannot travel. Lloyd is in Pennsylvania and the Defendants are in California. If the case does not settle at the settlement meeting, than a Mediation is to be held. If the case is still not settled, then a case maangaement conference is held. This of course is just for Lloyds ADA claims. General Order 56 does not encompass the other claims Lloyd asserts. Defendants refuse to comply with General Order 56 yet alone FRCP Rule 26.

Defendants should be sanctioned for their failure to comply with both General Order 56 and FRCP Rule 26. Lloyd has been trying to get the Defendants to fulfill their obligations under FRCP 26 and General order 56 but they refuse. In Johnson V 480 Geary St LLC 2020 WL 12654453 (ND Cal 2020) May 28, 2021, Defendants were sanctioned for not serving Plaintiff with initial disclosures required by Rule 26(a)(1) and General order 56. As per Defendants

FRCP 26 must be ignored and they only need to follow General Order 56. However, Defendants even refuse to do that. If a party fails to obey an order under Rule 26, 35 or 37 to provide or permit discovery, then they may be sanctioned. The Defendants have no valid excuse for refusing to follow Rule 26 or General Order 56. They just refuse because as per them they are under no obligation to do anything in this case as they have a Motion to Dismiss pending and that simply is not the case. The Defendants even refuse to participate in settlement talks. They made the court believe this was occuring months ago but the truth of the matter is they never occurred and Defendants have done nothing but delay Lloyd justice. This case has been pending SEVEN months and nothing has happened due to the Defendants delaying it. As in Johnson v 480 Geary St LLC, the Defendants recalcitrance has delayed this Defendants case. Defendants delay is causing lloyd prejudice. Defendants have no justifiable reason to delay this case. They simply wish not to participate and feel the judge will dismiss it so they feel they are under no obligation to participate. General Order 56 and Rule 26 simply do not support Defendants position and in fact, clearly go against it by stating that a pending Motion to Dismiss is not a justification for failure to participate in their obligations under Rule 26 and General Order 56.

Again, Lloyds case involves more issues than just the ADA so Defendants are obligated to follow Rule 26 and General Order 56.

MOTION FOR ADMINISTRATIVE RELIEF
~~MOTION TO COMPEL AND MOTION FOR EXTENSION OF TIME~~

Furthermore, Defendants admit in their Opposition that Lloyd has more claims than just ADA claims. Defendants [Defendnats] also are confused and even release Lloyds discovery requests as they are trying to get this court to believe Lloyd filed a Motion to Compel Discovery when in fact, Lloyds motion is clear. It is a motion to Compel Defendants to participate in Rule 26 Conference which they are obligated to do. Defendants [Defendnats] clearly state they refuse to participate in this case until the judge orders them to do so or their Motion to Dismiss is denied.

That clearly shows their preposterous behavior of their duties under Rule 26 and General Order 56.
As this case revolves around more than just ADA claims, Lloyd is asking this court to force Defendants to participate in Rule 26 and General Order 56 obligations as required by law. Without a court order, the Defendants are going to refuse to participate in anything in regards to this matter and have already delayed this case by SEVEN months.

Lloyd is also asking that any pretrail meetings including any settlement meetings be allowed to be held over video due to her health issues and her residence in Pennsylvania. Defendants force any Plaintiff to sue them in California under their rules.

If the court deems it just, Lloyd is asking for the Defendants to be sanctioned 2000.00 for their failure to fulfill any of their obligations.

MOTION FOR ADMINISTRATIVE RELIEF
~~MOTION TO COMPEL AND MOTION FOR EXTENSION OF TIME~~

5

Susan lloyd

/s/ Susan Lloyd

929 E Main St #101

Mt Joy, Pa 17552

MOTION FOR ADMINISTRATIVE RELIEF
~~MOTION TO COMPEL AND MOTION FOR EXTENSION OF TIME~~

6

ORDER

Defendants must fulfill their obligations under Rule 26 and General Order 56 or be sanctioned

                                    BY the court

                                    _____

MOTION FOR ADMINISTRATIVE RELIEF
~~MOTION TO COMPEL AND MOTION FOR EXTENSION OF TIME~~

CERTIFICATE OF SERVICE

Joanthan Liu, attorney for Defendants was served via email on July 8, 2022 at jonathanliu@orrick.com and at his lawfirm Orrick, Herrington and Sutcliffe at 1000 Marsh Rd Menlo Park, CA 94025 Via Regular USPS First Class Mail.

Susan Lloyd

/s/ Susan Lloyd

929 E main St #101

Mt Joy, PA 17552

MOTION FOR ADMINISTRATIVE RELIEF
~~MOTION TO COMPEL AND MOTION FOR EXTENSION OF TIME~~