JACOB M. HEATH (STATE BAR NO. 238959)
jheath@orrick.com
JONATHAN J. LIU (STATE BAR NO. 328955)
jonathanliu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

Attorneys for Defendant
Meta Platforms, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN LLOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>FACEBOOK, INC. et al.,<br><br>    Defendants. | Case No. 3:21-cv-10075-EMC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT**<br><br>Courtroom:   Courtroom 5 – 17th Floor<br>Judge:          Hon. Edward M. Chen |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND .....................................................................................................................1

III. ARGUMENT ..........................................................................................................................2

    A. The Court Should Deny Plaintiff's Motion and Strike Plaintiff's SAC as Improper Under the Federal Rules of Civil Procedure. ............................................2

    B. Plaintiff Should Not be Granted Leave to Amend Because Any Such Amendment Would be Futile. ..................................................................................4

        1. Plaintiff's Proposed SAC still fails to state any claim against Mr. Zuckerberg. ................................................................................................5

        2. Plaintiff's Proposed SAC fails to address the deficiencies of her claims against all Defendants. ........................................................................5

        3. Section 230 independently bars many of Meta's claims no matter what additional facts she pleads. .................................................................8

IV. CONCLUSION .....................................................................................................................10

## I. INTRODUCTION

After *failing to respond* to Defendants' Motion to Dismiss her First Amended Complaint ("FAC") and after a full hearing on Defendants' Motion, Plaintiff Susan Lloyd now purports to file a Second Amended Complaint through her "Motion to File Second Amended Complaint" ("Plaintiff's Motion"). As explained herein, Plaintiff's Motion is improper and it—along with her attempts to file an amended complaint—should be denied.

*First,* Rule 15 of the Federal Rules of Civil Procedure only allows for leave to amend once as a matter of course. Beyond this, a plaintiff must either obtain the opposing party's written consent or leave of court. Fed. Rule Civ. P., Rule 15(a)(2). Plaintiff has already amended her original complaint once as a matter of right when she filed her First Amended Complaint ("FAC"). To the extent Plaintiff's Motion is now seeking leave to amend her FAC, she has failed to demonstrate the good cause necessary to warrant such an amendment. Crucially, the Court is currently deciding whether Plaintiff has asserted any viable claims for relief (she has not), and relatedly, whether Plaintiff should be granted leave to amend (she should not). Until a decision has been reached on Defendants' pending Motion to Dismiss *and* it is determined she is entitled to amendment, Plaintiff cannot file her proposed Second Amended Complaint ("Proposed SAC").

*Second*, Plaintiff's Proposed SAC only underscores that any further amendment would be futile. Plaintiff has already amended her original Complaint once with knowledge of the deficiencies Defendants identified in the original Complaint—and Plaintiff has failed to cure them. For these reasons, Defendants respectfully request that the Court deny Plaintiff's Motion.

## II. BACKGROUND

Plaintiff filed her original Complaint against Defendants in December 2021. Dkt. No. 1. On May 25, 2022, Defendants moved to dismiss Plaintiff's Complaint. Dkt. No. 13. Rather than respond to Defendants' motion to dismiss, on May 31, 2022, Plaintiff filed her FAC, attempting to correct the deficiencies in her original Complaint. *See* FAC, Dkt. 16.

On June 14, 2022, Defendants moved to dismiss Plaintiff's FAC for failure to state a viable claim. In particular, Defendants argued that: (1) Plaintiff failed to state a claim for every one of her causes of action; (2) Section 230 of the Communications Decency Act ("CDA")

1

independently barred her claims for fraud, common law invasion of privacy, breach of contract, negligence, and negligent infliction of emotional distress ("NIED"); and (3) and the Court should not grant Plaintiff leave to amend as amendment would be futile.  *See* Dkt. 18 at 23 ("Motion to Dismiss Plaintiff's FAC").  Plaintiff failed to respond to Defendants' Motion to Dismiss Plaintiff's FAC—never filing an opposition.  *See* Defendants' Reply ISO Motion to Dismiss Plaintiff's FAC, Dkt. 24.  Instead, she filed a series of improper motions demanding discovery and requesting that the Court compel Defendants to participate in a premature Rule 26(f) conference and asking the Court to convert Defendants' Motion to Dismiss Plaintiff's FAC into a Motion for Summary Judgment.  *See* Dkt. 21 and Dkt. 23.

The Court heard Defendants' Motion to Dismiss Plaintiff's FAC on July 22, 2022 ("July 22 Hearing").  *See* Heath Declaration ISO Defendants' Opposition to Plaintiff's Motion to File a SAC ("Heath Decl.") ¶ 1.  At the hearing, Defendants reiterated their arguments that Plaintiff failed to state a claim for every one of her causes of action, that Section 230 barred her claims, and that any further amendment would be futile.  The Court indicated that it was inclined to dismiss *all* of Plaintiff's claims against Mr. Zuckerberg with prejudice.  Heath Decl. ¶ 2.  The Court also indicated it was inclined to dismiss many of Plaintiff's claims against Meta with prejudice, including, for example, her claims for violations of the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Unruh Act, as well as her claims for constitutional and common law invasion of privacy.  *Id.*  The Court said that it would consider and rule on Defendants' Motion and decide whether to grant Plaintiff leave to amend her FAC. Health Decl. ¶ 5.

On July 27, 2022, apparently ignoring the fact that the Court is currently considering Defendants' Motion to Dismiss Plaintiff's FAC, Plaintiff filed her present Motion, asking the Court to "file[] promptly" her Proposed SAC, which she included with her Motion.

### III. ARGUMENT

#### A. The Court Should Deny Plaintiff's Motion and Strike Plaintiff's SAC as Improper Under the Federal Rules of Civil Procedure.

Rule 15 allows for leave to amend as a matter of course either 21 days after serving it or within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).  *See*

2

1  Fed. R. Civ. P. 15(a)(1); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1072 (9th Cir. 2012) ("a
2  party may amend its pleadings once as a matter of course within certain time limits").  Outside
3  this, a plaintiff must either obtain the opposing party's written consent or leave of court.  *See* Fed.
4  R. Civ. P. 15(a)(2); *Schmidt v. PNC Bank, NA*, 591 Fed. Appx. 642, 643 (9th Cir. 2015)
5  (affirming district court's dismissal without leave to amend because pleadings did not set forth
6  any proposed amendments that would not be futile).  A district court may "deny a [party] leave to
7  amend if it determines that allegation of other facts consistent with the challenged pleading could
8  not possible cure the deficiency ... or if the [party] had several opportunities to amend its
9  complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d
10 998, 1003 (9th Cir. 2010).
11         In assessing the propriety of an amendment, courts consider several factors: "(1) undue
12 delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments
13 previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment." *Cortes*
14 *v. Cabrillo Credit* Union, 2021 WL 3207339, at *1 (S.D. Cal. July 29, 2021).  An amendment
15 that has been "filed or served without leave of court or consent of the defendants is without legal
16 effect."  *Taa v. Chase Home Finance, LLC*, 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012)
17 (finding second amended complaint had no legal effect as it was filed without leave); *Meza*
18 *California Health Care* Facility, 2019 WL 2284901, at *1 (E.D. Cal. May 29, 2019) (striking
19 second amended complaint which was filed without leave of the court).
20         Here, Plaintiff's request for leave to amend is improper.  Plaintiff has already amended
21 her complaint once as a matter of course, which is all Rule 15 permits without leave of court.  *See*
22 Section III.A, *supra*.  Defendants have not consented to further leave to amend.  The only
23 remaining avenue is to obtain leave of court.
24         Plaintiff completely fails to establish any good cause that would warrant leave to amend.
25 Indeed, she makes no arguments as why an amendment would not cause undue delay, has not
26 resulted from bad faith or a dilatory motive, would address any of the many defects in her FAC,
27 would not cause prejudice to Defendants, or would not otherwise be futile.  *See Cortes*, 2021 WL
28 3207339, at *1.  Plaintiff's failure to make *any* arguments as to *any* of these factors is alone

sufficient reason for denying her motion. *See, e.g.*, *Columbus University v. Tummala*, 2022 WL 1492167, at *15 (C.D. Cal. Feb. 8, 2022) (denying leave to amend where plaintiff failed to explain that amendment would not be futile and had multiple opportunities to adequately plead claims but failed to do so).  Requiring Defendants to continue to "defend this lawsuit when [Plaintiff] has not demonstrated or represented that [s]he can successfully amend constitutes undue prejudice."  *Delacruz v. State Bar of California*, 2018 WL 3077750, at *18 (N.D. Cal. March 12, 2018) (denying leave to amend where Defendants had to engage in significant motion practice, including two motions to dismiss, and Plaintiff failed to identify any additional allegations that may be able to strengthen his claims).  Accordingly, Plaintiff fails to establish any good cause that would warrant leave to amend.

Plaintiff attempts to justify her improper motion for leave to amend by arguing that "Judge Chen *seems to be* agreeable in allowing Lloyd to file a Second Amended Complaint." Plaintiff's Mot. (emphasis added).  The mere fact that the Court indicated *the possibility* of granting Plaintiff leave to amend *does not* constitute leave to amend.  And, to be clear, the Court has yet to determine whether Plaintiff—who failed to oppose Defendants' motion to dismiss and therefore, waived all arguments (*see* Dkt. 24 at 1-2)—has any viable claims.  In fact, the Court indicated it was inclined *not* to grant leave for several of Plaintiff's claims, including all claims against Mr. Zuckerberg, as well as her claims for violations of the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Unruh Act, and claims for constitutional and common law invasion of privacy.  Heath Decl. ¶ 2.  Accordingly, to the extent Plaintiff is attempting to file her Proposed SAC here, Plaintiff must wait until the Court decides whether amendment would be futile.  Thus, the Court should deny Plaintiff's Motion.  *See, e.g.*, *Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 517 (N.D. Cal. 2004) (denying motion to file amended complaint and noting that "a party's failure to comply with the requirements of Rule 15(a) will prompt courts to strike amended pleadings—or to ignore them outright.").

**B.     Plaintiff Should Not be Granted Leave to Amend Because Any Such Amendment Would be Futile.**

Plaintiff's Proposed SAC further demonstrates why any further amendment would be futile with respect to each of her claims because Plaintiff's proposed amendments fail to cure the

4

DEFENDANTS' MOTION TO DISMISS
Case No. 3:21-cv-10075-EMC

deficiencies.  *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (affirming denial of leave to amend where proposed amendment would be futile).

### 1. Plaintiff's Proposed SAC still fails to state any claim against Mr. Zuckerberg.

At the July 22 hearing, the Court indicated that it was inclined to dismiss every claim against Mr. Zuckerberg because, as argued in Defendants' Motion to Dismiss Plaintiff's FAC (*see* Defs.' Mot. at 6), Plaintiff failed to plead any specific allegations against Mr. Zuckerberg to show why he should be individually liable.  Heath Decl. ¶ 2.  These deficiencies are fatal to Plaintiff's claims against Mr. Zuckerberg.  Plaintiff's Proposed SAC fails to remedy these deficiencies as it lacks *any* new allegations against Mr. Zuckerberg.  Nor does Plaintiff allege facts that establish why Mr. Zuckerberg should be held liable under an alter ego theory.  *See, e.g.*, Proposed SAC ¶ 39; *Children's Health Defense v. Facebook, Inc.*, 546 F. Supp. 3d 909, 926-27 (dismissing claims against Mr. Zuckerberg both as an individual and as an alter ego because the complaint did not sufficiently allege that he was personally involved in or directed the challenged acts).  Accordingly, to the extent it does not already plan to do so, the Court should dismiss all claims against Mr. Zuckerberg with prejudice and not allow Plaintiff leave to amend.

### 2. Plaintiff's Proposed SAC fails to address the deficiencies of her claims against all Defendants.

As argued in Defendants' Motion to Dismiss Plaintiff's FAC (*see* Defs. Mot. at 24), Plaintiff has failed to allege sufficient facts to state any claim in both her Complaint and FAC.  Based on the allegations in her Proposed SAC, the pleading cannot "possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*).

Plaintiff's **accommodation-based claims**—*i.e.*, her first, second, and third causes of action for violations of the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Unruh Act—*still* fail to allege the necessary elements to state a claim under any of the statutes.  At the July 22 Hearing, the Court indicated that it was inclined to dismiss Plaintiff's accommodation claims with prejudice because, crucially, Meta is not a place of public accommodation under the law—no matter what additional allegations Plaintiff pleads, that is fatal to her accommodation-based claims. Heath Decl. ¶ 2; *see Young*, 790 F. Supp. 2d 1110, 1116

1  (N.D. Cal. 2011) (dismissing ADA claim because "Facebook's internet services [] do not have a
2  nexus to a physical place of public accommodation for which Facebook may be liable under the
3  statute"). Also fatal to Plaintiff's accommodation-based claims is the continued absence,
4  including in her Proposed SAC, of sufficient facts that would establish that the alleged
5  discrimination was intentional. *See* Proposed SAC ¶¶ 9-20.

6  The Court further indicated that it was inclined to dismiss Plaintiff's fifth and sixth causes
7  of action for **invasion of privacy**. These claims—which are based on Defendants' alleged
8  targeted advertising tools—*still* fail as a matter of law because Plaintiff consented to the Terms of
9  Service and Data Policy, which disclosed the activity of which she now complains, and which the
10 Court has taken judicial notice of. Health Decl. ¶ 2; *Smith v. Facebook, Inc*., 262 F. Supp. 3d
11 943, 955-956 (N.D. Cal. 2017), *aff'd*, 745 F. Appx. 8 (9th Cir. 2018) (dismissing plaintiffs'
12 privacy claims because "consent … bars [plaintiffs'] common-law tort claims and their claim for
13 invasion of privacy under the California Constitution"). Nothing in Plaintiff's Proposed SAC
14 cures this fatal flaw.

15 Plaintiff's claims based on third-party users' alleged activity on Facebook—*i.e.*, her
16 fourth, sixth, seventh, and eighth causes of action for **fraud, invasion of privacy for public**
17 **disclosure of private facts, breach of contract, and negligence and NIED**—are *still* all entirely
18 insufficient to state a claim. For example, in her Proposed SAC, Plaintiff fails to identify any
19 specific false statements to support her fraud claim. *See* Proposed SAC ¶¶ 21-26; *Ahern v. Apple*
20 *Inc.*, 411 F. Supp. 3d 541, 559 (N.D. Cal. 2019) (dismissing fraud claim where plaintiff pled that
21 Apple's marketing statements were false and misleading, but not *why* they were false and
22 misleading). Moreover, as explained further below, *see* Section III.B.2.a, *infra*, these claims are
23 barred by Section 230 of the CDA.

24 During the July 22 Hearing, the Court focused on Plaintiff's breach of contract claim. The
25 Court acknowledged, as Defendants argued in their Motion to Dismiss Plaintiff's FAC (*see* Defs.'
26 Mot. at 17-18), that Plaintiff *did not allege* a specific provision requiring Defendants to remove
27 content from Facebook. Heath Decl. ¶ 3. And the Proposed SAC still fails to identify a specific
28 provision in a contract with Plaintiff that Defendants have allegedly violated by failing to remove

content.  *See e.g.*, Proposed SAC ¶ 38 ("alleging that Defendants "state[] that people will respect the dignity of others and not harass or degrade others," and that Defendants are "committed to making Facebook a safe place and expression that threatens people has a potential to intimidate, exclude or silence others is not allowed").  This deficiency persists in Plaintiff's SAC because there are *no such contractual provisions* in Meta's Terms of Service.

Moreover, while the Court acknowledged Plaintiff did not *allege* a provision obligating Meta to remove content, the Court still questioned whether Meta's Terms of Service might otherwise obligate Meta to remove content from Facebook. Heath Decl. ¶ 3.  Respectfully, they do not.

During the July 22 Hearing, the Court asked whether there was language in Meta's Terms of Service that obligated Meta to remove content—identifying the following passage:

> If we learn of content or conduct like this, we may take appropriate action based on our assessment that may include – notifying you, offering help, removing content, removing or restricting access to certain features, disabling an account, or contacting law enforcement.

Dkt. 19, Heath Decl. ISO RJN, Exhibit A, Section 1 (emphases added); Heath Decl. ¶ 3.

On its face, this language does not *require* Meta to remove content from Facebook.  And, as established in Defendant's Motion (*see* Defs.' Mot. at 17-18), Courts have consistently rejected similar contract claims based on Meta's Terms of Service.  That is because, "while [Meta's] Terms of Service 'place restrictions on users' behavior,' they 'do not create affirmative obligations'" by Meta to remove content from its platform. *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056 (N.D. Cal. 2016), *aff'd*, 700 F. App'x 588 (9th Cir. 2017); *King v. Facebook, Inc.*, 2019 WL 6493968, at *2 (N.D. Cal. Dec. 3, 2019) ("[T]here is nothing in the Terms of Use or other contract identified by King that could plausibly support a breach claim.").

Moreover, as the Court itself acknowledged at the July 22 Hearing, Meta's Terms of Service disclaim liability for third-party conduct.  Heath Decl. ¶ 3; *see* Dkt. 19, Heath Declaration ISO RJN Exhibit A, Section 3 ("we do not control or direct what people and others do or say, and we are not responsible for their actions or conduct (whether online or offline) or any content they share including offensive, inappropriate, obscene, unlawful, and other objectionable

content"); *see, e.g.*, *Caraccioli v. Facebook, Inc.*, 700 Fed. Appx. 588, 590 (9th Cir. 2017) (affirming dismissal of plaintiff's breach of contract claim based on Facebook's failure to take down content where Facebook disclaimed liability for third-party users' actions).

Plaintiff's Proposed SAC fails to contend with the fact that (1) Defendants are not obligated to remove content from Facebook under the Terms of Service, and (2) Defendants expressly disclaim liability for third-party content.  Thus, Plaintiff's Proposed SAC only underscores Defendants' argument that leave to amend would be futile.

Because Plaintiff has repeatedly "fail[ed] to cure deficiencies by amendments previously permitted," she should not be granted leave to amend any of her claims.  *Cortes*, 2021 WL 3207339, at *1.

### 3. Section 230 independently bars many of Meta's claims no matter what additional facts she pleads.

As explained in Defendants' Motion (*see* Defs.' Mot. at 21-23), Plaintiff's fraud, common law invasion of privacy, breach of contract, negligence, and negligent infliction of emotion distress claims are all barred by Section 230, even in light of the allegations in her Proposed SAC. Therefore, courts generally deny leave to amend when there is CDA immunity, which cannot be "circumvent[ed]" with "creative pleading."  *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1265-66 (9th Cir. 2016); *see, e.g.*, *King*, 2021 WL 5279823, at *13 (dismissing claims barred by Section 230 with prejudice because "it would be futile for [Plaintiff] to try to amend the claim[s]").  This applies here to Plaintiff's Proposed SAC, which fails to allege any additional facts that would overcome Section 230's immunity.

At the July 22 Hearing, the Court asked whether Section 230 would apply to Plaintiff's breach of contract claim based on Meta's Terms of Service.  Heath Decl. ¶ 4.  Specifically, the Court raised the decision in *Barnes v. Yahoo!, Inc*., 570 F.3d 1096, 1102 (9th Cir. 2009) and asked whether it would apply in this case.  *Id.*  Unlike the Plaintiffs' breach of contract claim—in either her FAC or Proposed SAC—*Barnes* involved a promissory estoppel claim, a separate and distinct claim not alleged here, that arose relating to an alleged individualized promise separate and apart from the terms of service.  *See Barnes,* 570 F.3d 1096 at 1102.  Thus, it is not surprising that courts have declined to apply *Barnes'* decision to breach of contract claims.  *See, e.g.*,

8

*Murphy v. Twitter, Inc.*, 60 Cal. App. 5th 12, 274 (2021) (declining to apply *Barnes* reasoning to breach of contract claim based on Twitter's terms of use); *Calise v. Meta Platforms, Inc.*, 2022 WL 1240860, at *2 (N.D. Cal. April 27, 2022) (applying Section 230 to bar claims based on failure to remove content under Meta's Terms of Service). [1]

Further, Courts in this district have consistently held that Section 230 bars breach of contract claims based on Meta's Terms of Service. *King v. Facebook, Inc.* is instructive here. 572 F. Supp. 3d 776 (N.D. Cal. 2021). In *King*, this Court held that Facebook's statement in its Terms of Service—that it would use its discretion to determine whether an account should be disabled—was a "paradigmatic editorial decision not to publish particular content" protected by Section 230. *Id.* at 795. According to the Court, it thus did not matter that the claim was "styled as a contract cause of action." *Id.* The fact that the allegations here involve Defendants' purported *failure* to remove certain content does not change this analysis—here, Defendants still made a "paradigmatic editorial decision" whether or not to publish content. *See, e.g.*, *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056 (N.D. Cal. 2016), *aff'd*, 700 F. App'x 588 (9th Cir. 2017) (applying section 230 to breach of contract claim for failure to remove content from Facebook); *Calise*, 2022 WL 1240860, at *2 (same); *Cross v. Facebook, Inc.*, 14 Cal. App. 5th 190, 206 (2017) (same); *Sikhs for Justice, Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1093 (N.D. Cal. 2015), *aff'd*, 697 F. App'x 526 (9th Cir. 2017) (dismissing all claims, including breach of contract claim, under Section 230 because "removing content is something publishers do").

Accordingly, as evidenced by Plaintiff's Proposed SAC, Plaintiff's fraud, common law invasion of privacy, breach of contract, negligence, and NIED claims all *still* attempt to hold Defendants liable for their editorial discretion whether to publish particular content. These claims are thus clearly barred by Section 230 notwithstanding any additional facts she pled in her

---

[1] In *Barnes*, the Ninth Circuit held that "insofar as Barnes alleges a breach of contract claim under the theory of **promissory estoppel**, subsection 230(c)(1) of the [CDA] does not preclude her cause of action." (emphasis added). Unlike in *Barnes*, where the plaintiff sought damages for breach of a *specific promise* made by a Yahoo employee to ensure content was removed from Yahoo's website, here, Plaintiff accuses Defendants of "unfairly applying its *general rules* regarding what content it will publish." *Murphy*, 60 Cal. App. 5th 12 (finding Section 230 applied to breach of contract claim where plaintiff did not allege "someone at Twitter specifically promised her they would not remove her tweets," but plaintiff instead relied on Twitter's general decision not to publish certain content).

Proposed SAC.  *See, e.g.*, *A.B. v. Facebook, Inc.*, 2021 WL 2791618, at *4 (C.D. Cal. June 1, 2021) (denying leave to amend where claims were barred under Section 230, and thus amendment would be futile).  Thus, as asserted in Defendants' Motion (*see* Defs.' Mot. at 23-24), and made clear by Plaintiff's Proposed SAC, any proposed amendment would be futile.

## IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court deny Plaintiff's Motion, strike Plaintiff's SAC, and deny any further leave to amend.


Dated:  August 10, 2022                                             ORRICK, HERRINGTON & SUTCLIFFE LPP


                                                            By:   */s/ Jacob M. Heath*
                                                                      JACOB M. HEATH

                                                                      Attorney for Defendant
                                                                      META PLATFORMS, INC.

**PROOF OF SERVICE**

I am employed in the County of San Mateo, State of California. I am over the age of 18 years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California 94025. On August 10, 2022, I served the following document(s) entitled:

1. DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT

on all interested parties to this action in the manner described as follows:

☒ **(VIA EMAIL)** On August 10, 2022, via electronic mail in Adobe PDF format the document(s) listed above to the electronic address(es) set forth below.

☒ **(VIA U.S. MAIL)** On August 10, 2022, by placing a true copy of the document(s) listed above in an envelope, with postage thereon fully prepaid, addressed as set forth below and then sealing the envelope and depositing it in the U.S. mail at Menlo Park, California.

Susan Lloyd (ProSe Plaintiff)
929 E Main St #101
Mount Joy, PA 17552-9347

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on August 10, 2022, at Fremont, California.

*/s/ Sema Virrueta*
Sema Virrueta