UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN LLOYD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FACEBOOK, INC., et al.,<br><br>　　　　Defendants. | Case No. 21-cv-10075-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Docket No. 69 |

　　　　Previously, the Court granted Defendants' motion to dismiss Ms. Lloyd's remaining claim for breach of contract. The dismissal was with prejudice because the Court had already given Ms. Lloyd leave to amend but she failed to correct the deficiency identified. *See* Docket No. 68 (Order at 8).

　　　　After the Court's order granting the motion to dismiss and directing a final judgment in Defendants' favor, Ms. Lloyd filed a motion to reconsider. Ms. Lloyd attached to her motion a copy of a proposed fourth amended complaint ("4AC"). The Court shall construe Ms. Lloyd's motion as a motion for relief from the judgment pursuant to Federal Rules of Civil Procedure 59 and/or 60.[1] Under these rules, relief may be obtained if there was a manifest error by the Court or to prevent manifest injustice. *See, e.g.*, *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir.

---

[1] After Ms. Lloyd filed her motion to reconsider, she also filed a notice of appeal of the Court's dismissal order. "The filing of a notice of appeal does not . . . divest the district court of jurisdiction if it is filed while a motion for reconsideration is pending." *Shallowhorn v. Guzman*, 2024 U.S. Dist. LEXIS 26146, at *2 (C.D. Cal. Feb. 14, 2024); *see also United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) ("The notice of appeal in this case did not . . . divest the district court of jurisdiction at the time it was filed because there was then a pending motion for reconsideration.") (citing Fed. R. App. P. 4(a)(4)(B)(i)).

1  2011) (indicating that a Rule 59(e) motion may be granted if "necessary to correct manifest errors
2  of law or fact upon which the judgment is based" or "to prevent manifest injustice"); *Perez v. State*
3  *Farm Mut. Auto. Ins. Co.*, 291 F.R.D. 425, 430 (N.D. Cal. 2013) (Koh, J.) (indicating that, under
4  Rule 60(b), a court may grant relief based on clear error or to prevent manifest injustice).

5        In the pending motion, Ms. Lloyd suggests that she should be granted relief because (1)
6  she was never allowed to take any discovery and therefore was not able to get copies of the
7  contracts she had with Facebook during the relevant period, *see* Prop. 4AC ¶ 26 (alleging that
8  "Defendants have given documents that are not applicable to this matter" and indicating that
9  Defendants are relying on inapplicable "terms of agreements"), and (2) the Court should have
10 given her leave to amend. Neither of Ms. Lloyd's arguments is persuasive.

11       First, Ms. Lloyd may not obtain discovery to show that she has a viable claim for breach of
12 contract. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is
13 deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."). The Court also
14 notes that, contrary to what Ms. Lloyd suggests, it never held that she failed to allege that she had
15 a contract with Facebook. Rather, the Court held that Ms. Lloyd failed "to point to any specific
16 contract *provision (or promise)* that Facebook breached." Docket No. 68 (Order at 6).

17       Second, Ms. Lloyd has failed to explain why she should be given an opportunity to correct
18 her deficient complaint when she was already given an opportunity but failed to do so.
19 Nevertheless, out of an abundance of caution, the Court has reviewed the proposed 4AC on the
20 merits and finds it deficient for the same reasons stated in its order at Docket No. 68. *See Barnes*
21 *v. Yahoo!, Inc.*, 570 F.3d 1096, 1108 (9th Cir. 2009) (stating that, under contract law, a "promise
22 must 'be as clear and well defined as a promise that could serve as an offer, or that otherwise
23 might be sufficient to give rise to a traditional contract supported by consideration'"); *see also*
24 *Perloff v. Transamerica Life Ins. Co.*, 393 F. Supp. 3d 404, 408-09 (E.D. Pa. 2019) (where
25 plaintiff brought a claim for breach of contract based on a Privacy Statement that defendant
26 provided with an insurance policy, stating that "widely published, vague corporate mission
27 statements are not sufficient to support a breach of contract action," but "policy statements that
28 include specific and definite promises may be sufficient"); *Ward v. New York Univ.*, No. 99 Civ.

8733 (RCC), 2000 U.S. Dist. LEXIS 14067, at *11-12 (S.D.N.Y. Sept. 25, 2000) (stating that, as alleged, defendant-university's "promised services [to students such as plaintiff] are more akin to general statements of policy"; "virtually all of the promised services that [plaintiff] cites are[] are broad pronouncements of the [defendant's] compliance with existing anti-discrimination laws, promising equitable treatment of all students" and, "[a]s such, they cannot form the basis for a breach of contract claim").

Accordingly, Ms. Lloyd's motion for relief is hereby **DENIED**.

This order disposes of Docket No. 69.

**IT IS SO ORDERED**.

Dated: January 13, 2025

_____
EDWARD M. CHEN
United States District Judge